IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| BIOMÉRIEUX, S.A., and BIOMÉRIEUX, INC.<br><br>                     Plaintiffs,<br><br>     v.<br><br>HOLOGIC, INC.; GRIFOLS, S.A.; and GRIFOLS DIAGNOSTIC SOLUTIONS INC.,<br><br>                     Defendants. | Case No. 1:17-cv-102 |

**DEFENDANT GRIFOLS, S.A.'S MOTION FOR LEAVE TO FILE A SURREPLY BRIEF IN FURTHER OPPOSITION TO PLAINTIFFS' ALTERNATIVE MOTION FOR JURISDICTIONAL DISCOVERY**

Defendant Grifols S.A. ("GSA") respectfully moves the Court for leave to file a very short and limited surreply brief in further opposition to the motion of Plaintiffs bioMérieux, S.A., and bioMérieux, Inc. (together, "bioMérieux") for an order permitting jurisdictional discovery of GSA (Dkt. 33). In the surreply, GSA briefly addresses a new argument and factual issue raised for the first time in bioMérieux's reply brief (Dkt. 47), which incorrectly asserts, as a basis for allowing the motion, that GSA agreed to produce copies of certain documents to bioMérieux. GSA seeks through the surreply to ensure that the record is clear on this newly raised point.

GSA recognizes that the Local Rules do not typically allow for a surreply brief and that the Court, other than under Rule 7.6, allows a surreply "only when fairness dictates based on new arguments raised in the previous reply." *McKee v. City of*

*Greensboro*, 2016 WL 916414, at *6 n.3 (M.D.N.C. Mar. 7, 2016). Because this issue was raised in bioMérieux's reply brief, could have an impact on the outcome of the underlying motion, and could be seen to reflect on issues of integrity, GSA believes that a limited surreply is appropriate under the general fairness principles regularly cited by the Court in this context.

In addition, Local Rule 7.6 provides that "a party may assert evidentiary objections … to factual allegations contained in [the opposing party's briefing]," and may do so by surreply when the evidentiary point is made for the first time in a reply brief. L.R. 7.6. While this issue may not fit squarely into the category of an "evidentiary objection," the same policy underlying Local Rule 7.6 supports the filing here — that is, the nonmoving party should be given the opportunity by surreply to address factual issues raised for the first time in a reply brief. Thus, GSA believes that its surreply is also proper pursuant to the principles expressed in Local Rule 7.6.

GSA's proposed surreply brief is attached as Exhibit 1 to this motion.

WHEREFORE, GSA respectfully requests that the Court allow it to file the short surreply attached hereto as Exhibit 1 to address a matter newly raised in bioMérieux's reply brief.

| | |
|---|---|
| Dated:  July 3, 2017<br><br>*Of Counsel*:<br><br>Matthew M. Wolf<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Avenue, NW<br>Washington, DC 20001<br>Telephone: 202-942-5000<br>Facsimile: 202-942-5999<br>Matthew.Wolf@apks.com<br><br>David K. Barr<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, NY 10019<br>Telephone: 212-836-8000<br>Facsimile: 212-836-8689<br>David.Barr@apks.com<br><br>Jennifer Sklenar<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA 90017<br>Telephone: 213-243-4000<br>Facsimile: 213-243-4199<br>Jennifer.Sklenar@apks.com | Respectfully submitted,<br><br>   */s/ Allison Mullins*   <br>Allison Mullins<br>N.C. State Bar No. 23430<br>Stephen McDaniel Russell, Jr.<br>N.C. State Bar No. 35552<br>MULLINS DUNCAN HARRELL<br>    & RUSSELL PLLC<br>300 North Greene Street, Suite 2000<br>Greensboro, NC 27401<br>Telephone: 336-645-3320<br>Facsimile: 336-645-3330<br>amullins@mullinsduncan.com<br>srussell@mullinsduncan.com<br><br>*Attorneys for Grifols S.A.* |

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on July 3, 2017.

                                                                */s/ Allison Mullins*
                                                                Allison Mullins