# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION**

| | |
|---|---|
| BIOMÉRIEUX, S.A., and BIOMÉRIEUX, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HOLOGIC, INC.; GRIFOLS, S.A.; and GRIFOLS DIAGNOSTIC SOLUTIONS INC., <br><br> Defendants. | Case No. 1:17-cv-102 |

**DEFENDANT GRIFOLS, S.A.'S SURREPLY TO PLAINTIFFS'
ALTERNATIVE MOTION FOR JURISDICTIONAL DISCOVERY**

Defendant Grifols, S.A. ("GSA") respectfully submits this surreply brief in further opposition to the motion of Plaintiffs bioMérieux, S.A. and bioMérieux, Inc. (together, "bioMérieux") for an order permitting jurisdictional discovery (Dkt. 33).

In its reply brief, bioMérieux states for the first time that "GSA promised to produce" copies of certain contracts requested by bioMérieux but failed to do so. (Dkt. 46 at 1.)[1] That assertion is incorrect. GSA proposed that the parties stipulate to an extension of the briefing schedule for GSA's motion to dismiss for lack of personal jurisdiction, in order to allow time for (i) GSA's counsel to obtain and review the specific contracts requested by bioMérieux and (ii) the parties to attempt to resolve this issue

---

[1]   bioMérieux did not make this factual assertion or argument in its original brief, where it simply noted that copies of the contracts had been requested and that they "may be forthcoming." (Dkt. 34 at 1–2.)

absent Court intervention.  (Dkt. 47-2 at 2.)  bioMérieux rejected this offer and chose instead to file its brief in opposition to GSA's motion and its alternative motion for jurisdictional discovery.  Contrary to bioMérieux's assertion, GSA's offer to try to negotiate a compromise that would allow materials to be gathered and reviewed and for further discussions between the parties was not an agreement to produce the requested contracts, which, among other things, are confidential and commercially sensitive.  Accordingly, bioMérieux's request for jurisdictional discovery should be resolved solely on the basis of whether bioMérieux has met its burden to show that discovery is warranted under the circumstances (*see* Dkt. 45 at 3–8), and not on the basis of any purported agreement by GSA to produce copies of certain contracts.

      For the foregoing reasons, and for the reasons set forth in GSA's brief in opposition (Dkt. 45), bioMérieux's motion for jurisdictional discovery should be denied.

Dated: July __, 2017

*Of Counsel*:

Matthew M. Wolf
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: 202-942-5000
Facsimile: 202-942-5999
Matthew.Wolf@apks.com

David K. Barr
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: 212-836-8000
Facsimile: 212-836-8689
David.Barr@apks.com

Jennifer Sklenar
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: 213-243-4000
Facsimile: 213-243-4199
Jennifer.Sklenar@apks.com

Respectfully submitted,

   */s/ Allison Mullins*   
Allison Mullins
N.C. State Bar No. 23430
Stephen McDaniel Russell, Jr.
N.C. State Bar No. 35552
MULLINS DUNCAN HARRELL
   & RUSSELL PLLC
300 North Greene Street, Suite 2000
Greensboro, NC 27401
Telephone: 336-645-3320
Facsimile: 336-645-3330
amullins@mullinsduncan.com
srussell@mullinsduncan.com

*Attorneys for Grifols S.A.*

3

4

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

The undersigned hereby certifies that the foregoing brief complies with the word limitation in Local Rule 7.3(d)(1), as calculated by word processing software.

                                                      */s/ Allison Mullins*
                                                    Allison Mullins

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on July __, 2017.

*/s/ Allison Mullins*
Allison Mullins
