# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOMÉRIEUX, S.A. and BIOMÉRIEUX, INC., : <br><br> Plaintiffs, : <br><br> v. : <br><br> HOLOGIC, INC., GRIFOLS S.A., and GRIFOLS : <br> DIAGNOSTIC SOLUTIONS INC., : <br><br> Defendants, : | C.A. No. 18-21-LPS |

Daniel M. Silver, MCCARTER & ENGLISH, LLP, Wilmington, DE

Paul B. Gaffney, Stanley E. Fisher, Charles L. McCloud, and Shaun P. Mahaffy, WILLIAMS & CONNOLLY LLP, Washington, DC

    Attorneys for Plaintiffs


Karen L. Pascale and Pilar G. Kraman, YOUNG CONAWAY STARGATT & TAYLOR LLP, Wilmington, DE

Matthew M. Wolf, ARNOLD & PORTER KAYE SCHOLER LLP, Washington, DC

David K. Barr and Kyle D. Gooch, ARNOLD & PORTER KAYE SCHOLER LLP, New York, NY

Jennifer A. Sklenar, ARNOLD & PORTER KAYE SCHOLER LLP, Los Angeles, CA

    Attorneys for Defendants

## MEMORANDUM OPINION

September 26, 2018
Wilmington, Delaware

**STARK, U.S. District Judge:**

Plaintiffs bioMérieux, S.A. and bioMérieux, Inc. ("Plaintiffs" or "bioMérieux") filed this patent infringement action against Defendants Hologic, Inc. ("Hologic"), Grifols, S.A. ("GSA"), and GSA's wholly-owned U.S. subsidiary, Grifols Diagnostic Solutions, Inc. ("GDS") (collectively "Defendants"). (D.I. 1) ("Complaint" or "Compl.") The Complaint alleges direct and indirect infringement. (*Id.*) Defendant GSA moves to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). (D.I. 70)[1] GSA contends it is a Spanish Corporation that lacks sufficient contacts with Delaware or the United States. (D.I. 70) Plaintiffs request that the motion be denied or, in the alternative, that they be granted an opportunity to take jurisdictional discovery. (*See* D.I. 68) The Court will deny GSA's motion to dismiss and accordingly deny Plaintiff's motion for jurisdictional discovery.

**I.        BACKGROUND**

Plaintiffs filed this action in the Middle District of North Carolina on February 3, 2017. (Compl.) The parties stipulated to the transfer of the action to this District on January 3, 2018. (D.I. 57)

In their Complaint, Plaintiffs allege that three GDS and GSA Procleix®-branded tests (the "Accused Products") infringe two U.S. patents owned by bioMérieux. (Compl. at ¶¶ 29-30, 35, 38) Moving Defendant GSA is a Spanish corporation with a principal place of business in Barcelona, Spain. (*Id.* at ¶ 6) GSA has submitted declarations that, it contends, conclusively prove it has no contacts with the United States. (D.I. 73 at 1) bioMérieux points to public documents that it believes show the opposite. (D.I. 76 at 1)

---

[1] Defendants' Hologic and GDS also moved to dismiss, for failure to state a claim. (D.I. 69) The Court denied that motion. (D.I. 127, 128)

1

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss a case based on the court's lack of personal jurisdiction over that party. Determining the existence of personal jurisdiction requires a two-part analysis – one statutory and one constitutional. First, the court analyzes the long-arm statute of the state in which the court is located.[3] *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). Next, the court must determine whether exercising jurisdiction over the defendant in that state comports with the Due Process Clause of the Constitution. *See id.* Due process is satisfied if the court finds the existence of "minimum contacts" between the non-resident defendant and the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).[4]

When a defendant moves to dismiss a lawsuit for lack of personal jurisdiction, the plaintiff bears the burden of showing the basis for jurisdiction. *See Power Integrations, Inc. v. BCD Semiconductor*, 547 F.Supp.2d 365, 369 (D. Del. 2008). If no evidentiary hearing has been held, a plaintiff "need only establish a prima facie case of personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). A plaintiff "presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (E) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). On a motion to dismiss for lack of personal

---

[3] With regard to the statutory inquiry, the court applies the law of the state in which the district court is located; as to the constitutional inquiry, in a patent case the court applies the law of the Federal Circuit. *See Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009).

[4] Plaintiffs do not contend that this Court may exercise general personal jurisdiction, only specific personal jurisdiction.

2

jurisdiction, "the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

"To survive a motion to dismiss in the absence of jurisdictional discovery, plaintiffs need only make a prima facie showing of jurisdiction." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). A court is always free to revisit the issue of personal jurisdiction if it later is revealed that the facts alleged in support of jurisdiction are in dispute. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 331 (3d Cir. 2009).[5]

## III. DISCUSSION

### A. Delaware Long-Arm Statute

GSA writes: "Where, as here, a state has construed its long-arm statute to provide jurisdiction to the fullest extent permitted by federal due process, the focus is solely on whether the exercise of jurisdiction would comport with due process." (D.I. 75 at 4-5 (citing *Acorda Therapeutics Inc. v. Mylan Pharms., Inc.*, 817 F.3d 755, 759 (Fed. Cir. 2016); *see also* D.I. 76 at 2) Accordingly, like the parties, the Court does not find it necessary here to expressly analyze the provisions of Delaware's long-arm statute.

---

[5] GSA writes:

> If the Court decides the motion based on written submissions [as it is doing], then bioMérieux must make a *prima facie* showing of personal jurisdiction over GSA. Because GSA has submitted declarations refuting the jurisdictional allegations in the complaint, the Court cannot accept the bare formulaic accusations of the complaint and bioMérieux must submit declarations or other evidence sufficient to create a factual dispute regarding GSA's forum-state contacts.

(D.I. 73 at 4) (internal citations and quotation marks omitted) bioMérieux has met this obligation by citing to evidence sufficient (at minimum) to create a factual dispute, as explained in this Memorandum Opinion.

3

## B. Minimum Contacts with Delaware

Plaintiffs make three factual arguments to demonstrate GSA has adequate contacts with Delaware: (1) "Defendants, including GSA, have placed, and continue to place, infringing products into the stream of commerce, with the knowledge or understanding that those products will be sold throughout the United States" (D.I. 76 at 2) (citing Compl. at ¶¶ 39; 48); (2) "Prior to January of 2017, GSA, GDS, and Hologic were parties to an agreement to distribute infringing products in the United States. Pursuant to that agreement, Hologic shipped infringing products to customers identified and contracted by GSA and GDS" (*id.*) (citing Compl. at ¶ 35); and (3) "Hologic agreed to sell its interest in the infringing blood screening products to GSA in December 2017" (*id.*) (citing Compl. at ¶ 37).

GSA, however, asserts that it "has never been registered to do business in Delaware nor maintained a registered agent for service of process here" (D.I. 73 at 7) (citing D.I. 74 ("Arroyo Decl.") at ¶¶ 5–6); "has never owned, leased, possessed, or maintained any real or personal property in this State, nor has it ever maintained an office or place of business here" (*id.*) (citing Arroyo Decl. at ¶¶ 7–8); and "has no employees or bank accounts here and has never been listed in a telephone directory or filed a lawsuit in this State" (*id.*) (citing Arroyo Decl. at ¶¶ 9–12). Lastly, GSA asserts that "[t]he manufacturing, advertising, marketing, offering for sale, and selling of the Accused Products in the United States are carried out by GDS, not GSA." (*Id.*) (citing D.I. 75 ("Schroeder Decl.") at ¶¶ 5–7) GSA supports its contentions with Declarations.

Plaintiffs respond to the Declarations by pointing to GSA's filings with the U.S. Securities and Exchange Commission ("SEC"), in which GSA described the accused tests as part of a "'joint-business under which Grifols owns all customer facing activities,' and in which 'Grifols is marketing the aforementioned assays and instruments worldwide.'" (D.I. 76 at 4) (quoting D.I. 76-1 at 2) GSA has also stated in an SEC filing that "[p]rior to the Hologic

4

Transaction, we and Hologic jointly operated this business, with Hologic responsible for research and development and manufacturing of the Procleix® blood screening products and Grifols responsible for their commercialization worldwide." (*Id.* (quoting D.I. 76-2 at 35-36) (internal quotation marks omitted); *see also* D.I. 76-3 at 2 (alluding to GSA role in connection with accused products); D.I. 76-2 at 64 (same); D.I. 76-4 at 3 (same); D.I. 76-5 at 2.01 (same)) Lastly, Plaintiffs note that GSA is a real party-in-interest in a petition for *inter partes* review ("IPR") directed at Plaintiffs' patent. *See, e.g., Hologic Inc. v. bioMérieux, Inc.*, IPR2018-00566 (Paper 1) at 4 (PTAB Feb. 6, 2018).

GSA responds to these alleged facts in its reply by pointing out that SEC filings provide insufficiently concrete information, and "could [not] be used to 'divine [the] defendant's operational structure and relationship with its subsidiaries.'" (D.I. 81 at 3) (quoting *Garshman v. Universal Res. Holding, Inc.*, 641 F. Supp. 1359, 1365 (D.N.J. 1986) and citing other supporting district court decisions) GSA further insists that the agreements between Hologic and GSA only demonstrate collaboration on new products – and not the accused product – and that GSA was named as a real party in interest in the IPR only in "an abundance of caution," which "is not a concession that GSA itself has any jurisdictional contacts with Delaware or the United States." (D.I. 81 at 6)

In the Court's view, the statements in the SEC filings are probative of the plausibility of the allegations Plaintiffs make as to GSA's role in connection with the alleged infringement. While it is true that ownership of a Delaware subsidiary is "not sufficient in itself to justify Delaware's exercise of personal jurisdiction over the non-Delaware parent," *Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636, 645 (D. Del. 2006) (internal quotation marks

omitted), Plaintiffs have identified more than just a mere ownership relationship.[6] Plaintiffs' allegations, if taken as true, make out a prima facie case of minimum contacts and appear to support a finding that the Court can exercise personal jurisdiction over GSA.

Because Plaintiffs' request for jurisdictional discovery is ripe only if the Court finds a lack of a prima facie case (*see* D.I. 71 at 2), that request is now moot and the Court will deny it.

### C. Contacts with the United States under Fed. R. Civ. P. 4(k)(2)

Plaintiff alleges, in the alternative, that the Court should exercise jurisdiction over GSA pursuant to Federal Rule of Civil Procedure 4(k)(2), which provides:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws.

The parties agree (*see* D.I. 76 at 7-8; D.I. 81 at 6-7) that Rule 4(k)(2) means that, because Plaintiffs' claim arises under federal law, if GSA is not otherwise subject to personal jurisdiction in any District in the country, then any District may exercise jurisdiction over it, provided that GSA has sufficient minimum contacts with the United States as a whole. *See Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1295-97 (Fed. Cir. 2009). All of the contacts alleged by Plaintiffs, which the Court has already found make out a prima facie case, are with the United States. GSA has not met its burden of identifying an alternative forum where Plaintiffs could have brought this suit. Accordingly, the Court agrees with Plaintiffs that Rule 4(k)(2) provides an additional basis for finding personal jurisdiction in this case.

---

[6] Plaintiffs make no sustained argument or showing that GDS should be treated as GSA's agent for jurisdictional purposes. Therefore, the Court will not consider that issue here.

### D. Fair Play and Substantial Justice

The parties dispute whether the exercise of personal jurisdiction over GSA would comport with "fair play and substantial justice" or would, instead, violate GSA's right to due process. *Int'l Shoe Co.*, 326 U.S. at 320. As GSA recognizes, at "this prong of the analysis, the burden shifts to the defendant to 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable under the five-factor test articulated by the Supreme Court.'" (D.I. 73 at 10) (quoting *Autogenomics*, 566 F.3d at 1018) In assessing whether such an exercise would be unconstitutional, the Court considers: (1) "the burden on the defendant;" (2) "the forum State's interest in adjudicating the dispute;" (3) "the plaintiff's interest in obtaining convenient and effective relief;" (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies;" and (5) the "shared interest of the several States in furthering fundamental substantive social policies." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) (internal quotation marks omitted).

GSA asserts that being haled into Delaware imposes a significant burden, as it has no presence in the state – but it provides no persuasive basis for this contention. (D.I. 73 at 11) Further, GSA continues, it is not a necessary party, as "complete, convenient, and effective" relief would still be available against GDS, the wholly-owned subsidiary. (*Id.*) Lastly, GSA asserts that issues of international comity are at stake. (*Id.*)

Plaintiffs respond that "GSA found Delaware convenient enough to choose it as the state of incorporation for its wholly owned subsidiary," and that it has sold infringing products in this District. (D.I. 76 at 6) Further, Plaintiffs note that GSA "operates on a global scale in markets around the world, including in the United States, where it claims to have obtained control over 80% of the relevant market through the sale of infringing Procleix tests." (*Id.*) Additionally,

Plaintiffs cite cases finding that communication and travel technology make foreign tribunals less burdensome than they once were. (*Id.*)

The Court agrees with Plaintiffs. GSA has failed to show that it is unconstitutionally unreasonable to hale it into Court here. To the contrary, the Court is not persuaded that the burden on GSA is great. This Court has an interest in adjudicating this dispute, as part of the full dispute among the parties, and it is a convenient and effective forum for (at least) Plaintiffs. It would be most efficient for the interstate judicial system and in the interests of the substantive policy of enforcement of patent rights for the totality of this case, including Plaintiffs' dispute with GSA, to remain here. (*See* D.I. 76 at 6) (arguing about "strong interest in the efficient resolution of this dispute in Delaware: that is where the litigation will proceed against the other Defendants regardless of whether GSA is dismissed") In sum, the Court finds no basis to conclude that GSA was in any way surprised or unfairly prejudiced by being sued here.

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny GSA's motion to dismiss for lack of personal jurisdiction (D.I. 70) and deny Plaintiffs' request for jurisdictional discovery (D.I. 68). An appropriate Order follows.