IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOMÉRIEUX, S.A. and BIOMÉRIEUX, INC., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> HOLOGIC, INC., GRIFOLS S.A., and GRIFOLS : <br> DIAGNOSTIC SOLUTIONS INC., : <br> : <br> Defendants, : | C.A. No. 18-21-LPS |

## **MEMORANDUM ORDER**

Pending before the Court is Defendants Hologic, Inc. ("Hologic"), Grifols Diagnostic Solutions Inc. ("GDS"), and Grifols, S.A.'s ("GSA") (together, "Defendants") motion to sever and stay arbitration proceedings with Plaintiffs bioMérieux S.A. and bioMérieux, Inc. (together "bioMérieux" or "Plaintiffs"). (D.I. 91) Plaintiffs filed this patent infringement suit in February 2017 in the Middle District of North Carolina. (D.I. 1) Defendants moved to transfer venue and, eventually, Plaintiffs stipulated to a transfer to this Court. (D.I. 57) The Court has since denied Defendants' motion to dismiss for failure to state a claim on which relief may be granted (D.I. 128) and GSA's motion to dismiss for lack of personal jurisdiction (D.I. 131), in opinions which provide further details about this litigation (D.I. 127, 130).

At the time Defendants filed their motion to sever and stay, they had not yet filed an answer – as the motions to dismiss were pending – but they had represented that their answers would include an affirmative defense that a Non-Assertion Agreement ("Agreement")[1] between

---

[1] The Court has refrained from citing or quoting specific provisions of the Agreement. However, the Court has not filed this Order under seal – nor will it entertain a request for redaction of its

1

predecessors of bioMérieux and Hologic gives rise to a license defense, purportedly insulating Defendants from any potential liability for infringement of the asserted patents. (*See* D.I. 92 at 2-4) Defendants further assert that the Agreement contains a broad arbitration provision, which requires the Court to sever their affirmative license defense. Defendants additionally request that once the license defense is severed, that the Court stay it and refrain from referring it to arbitration unless and until Defendants are found to infringe at least one of Plaintiffs' valid patents. (*See* D.I. 92 at 1) (asking that Court "sever the[] arbitrable license defense and ... stay proceedings with respect to that defense pending verdict on the predicate issues of the validity and infringement of the patents in suit") Plaintiffs oppose every aspect of Defendants' motion, arguing that the right to arbitration has been waived and, in any event, that the appropriate exercise of the Court's discretion is to require license issues to be litigated in tandem with the patent issues. (D.I. 102 at 1-2)

The parties completed briefing on the motion on July 2, 2018. (*See* D.I. 92; D.I. 102; D.I. 110) The Court required them to file a status report in February 2019, following the claim construction hearing. (*See* D.I. 177) All parties advised the Court that the issues briefed in the motion remain ripe for the Court's decision. (*See* D.I. 181)

**IT IS HEREBY ORDERED THAT** Defendants' motion (D.I. 91) is **GRANTED** to the extent that Defendants' license defense is **SEVERED,** but **DENIED** to the extent it seeks to **STAY** an order compelling arbitration until after completion of proceedings relating to patent infringement and invalidity. **IT IS FURTHER ORDERED** that any party to the Agreement

---

Order – because it does not find good cause for preserving any confidentiality of the existence of the Agreement and the fact that it contains an arbitration provision.

2

**may file a motion to compel arbitration no later than April 15, 2019.** If no such motion is filed, the right to arbitrate will then be deemed **WAIVED.**

The Court agrees with Defendants that the right to arbitrate Defendants' licensing defense has not at this point been waived. The parties agree that the appropriate test for waiver is set forth in *Hoxworth v. Blinder, Robinson, and Co., Inc.*, 980 F.2d 912, 926 (3d Cir. 1992), which considers whether a party has "invoked the litigation machinery," creating a basis for a finding of waiver, a result which "is not favored." "[P]rejudice is the touchstone" of the *Hoxworth* test. *Id.* at 925; *see also Nino v. Jewelry Exch., Inc.*, 609 F.3d 191, 208 (3d Cir. 2010); *Zimmer v. Cooperneff Advisors, Inc.*, 523 F. 3d 224, 233 (3d Cir. 2008). Waiver is typically found "only where the demand for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery." *Chassen v. Fidelity Nat'l Fin., Inc.*, 836 F.3d 291, 295 (3d Cir. 2016) (internal quotation marks omitted).

Applying the six *Hoxworth* factors here: (1) while Defendants have not yet filed a motion to compel arbitration, they have made known to Plaintiffs their view as to the arbitrability of the license issue since nearly the inception of the litigation (including in a May 2017 letter and by raising it at the initial case management conference here, *see, e.g.*, D.I. 84; *see also* D.I. 93 Ex. B-D), and a motion to compel filed according to the schedule being ordered by the Court will, under the totality of circumstances, be timely;[2] (2) as of the date Defendants filed their motion to

---

[2] It is true that it has now been nearly 26 months since Plaintiffs filed this suit. Under the circumstances here, however, that does not make Defendants' invocation of their right to arbitration untimely. Almost all of the first year of this case was devoted to litigation over whether Plaintiffs had filed this suit in an improper venue – which (after *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017), and *In re Micron Tech., Inc.*, 875 F.3d 1091 (Fed. Cir. 2017)), Plaintiffs eventually recognized they had – and the transfer of the case here from North Carolina in January 2018 (D.I. 57; D.I. 58). By May 2018, Defendants had filed their motion to sever and stay, having previously informed Plaintiffs they would be invoking their right to arbitrate. The ensuing ten months that the motion to sever and stay has been

sever and stay, which was May 31, 2018, this case (although then already more than a year old, as it was originally filed in North Carolina in February 2017) had not involved any contesting of the merits of the patent-related claims; (3) Defendants provided early and adequate "notice to the nonmoving party of its intention to seek arbitration," as already noted; (4) there was significant "non-merits motion practice," particularly the two defense motions to dismiss (D.I. 69; D.I. 70) this Court was faced with at the time the motion to sever and stay was filed; (5) Defendants have "assented to the court's pretrial orders" but not without steadfastly insisting throughout that they would be asserting their right to arbitrate the license issue (as already noted); and (6) as of the filing of the motion to sever and stay, the parties had not engaged in any discovery. *Hoxworth*, 980 F.2d at 926-27; *see also SuperMedia v. Affordable Elec., Inc.*, 565 F. App'x 144, 147 (3d Cir. 2014). These factors do not establish the type of prejudice to Plaintiffs that would warrant the Court finding, at this point, that Defendants have waived their right to arbitrate.

The Court further agrees with Defendants that their arbitration defense (once a motion to compel arbitration is filed) must be severed from the patent infringement and validity issues, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3. Defendants cite Supreme Court and Third Circuit precedent which compel the Court to sever the arbitrable issues from the non-arbitrable issues. (*See* D.I. 110 at 5-6) (citing *KPMG LLP v. Cocchi*, 565 U.S. 18, 22 (2011); *Collins & Aikman Prod. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 1995) ("[W]hen a complaint contains both arbitrable and nonarbitrable claims, the [FAA] requires courts to 'compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in

---

pending is not attributable to any action of Defendants – nor has it given rise to any cognizable prejudice to Plaintiffs that is relevant for purposes of the *Hoxworth* analysis.

4

different forums."); *Deering v. Graham*, 2015 WL 424534, *4 (D.N.J. Jan. 30, 2015)) "If some claims are non-arbitrable, while others are arbitrable, then [a district court] should sever those claims subject to arbitration from those adjudicable only in court." *Collins & Aikman Prod. Co.*, 58 F.3d at 20.

Plaintiffs urge the Court to refer the issue of arbitrability to the arbitrators themselves. (*See* D.I. 102 at 6-9) The Court agrees, instead, with Defendants that the question of whether the right to arbitrate has been waived by participation in litigation is a question for the Court to resolve, and not the arbitrators. (*See* D.I. 92 at 7) (citing *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 220-21 (3d Cir. 2007)) The Court further understands Plaintiffs' "disputes [over] the Defendants' construction of the Agreement" (D.I. 102 at 6) to go to the merits of the license defense and not to whether the license dispute is within the scope of the parties' broad arbitration agreement.

Given that severance of the arbitrable license defense is mandatory under the FAA, the Court need not (and at this time will not) assess whether severance would also be proper as an exercise of the Court's discretion under Federal Rule of Civil Procedure 42(b). It is unclear whether Defendants are even requesting severance of their license defense in the absence of a grant of Defendants' request to stay arbitration. As the Court has now decided *not* to stay arbitration (as explained below), the Court will wait to learn the parties' updated positions as to whether they are going to exercise or waive their right to arbitration and thereafter – if and when necessary – will determine if a separate trial of the license defense will be permitted.

As for "when the arbitration should take place" (D.I. 110 at 2), the Court does not agree with Defendants that the Court must or should stay referral of the license defense to arbitration. Defendants argue that a decision from the arbitrators would be a "premature" "advisory opinion"

5

unless and until a determination is made here by a factfinder that they infringe a valid patent of Plaintiffs. (*See* D.I. 92 at 6-7)[3] This is incorrect. Instead, as even Defendants acknowledge, their license defense "is an affirmative defense to bioMérieux's patent infringement claims, forming part of the same case or controversy" as the patent action. (*Id.*) It can, and should, be resolved in tandem with the patent infringement claims to which it is a defense.

Plaintiffs point out that Defendants have sought to institute four *inter partes* reviews ("IPR") – which are administrative proceedings at the U.S. Patent and Trademark Office ("PTO") – which have cost Plaintiffs significant resources. (D.I. 102 at 14-15) Defendants seek a stay of arbitration to avoid the parties having to fight their battles in three fora simultaneously: here in District Court, in the PTO, and before a panel of arbitrators. (*See* D.I. 110 at 2) In the Court's view, neither side makes a strong argument for its preferred approach. Each side is, as it is permitted to do, pursuing its rights in the venues in which it has a statutory and/or contractual right to do so. Rather than allow either side to hold in reserve a potential "silver bullet" (D.I. 102 at 12) that could, once used (a year in the future), erase all effect of and need for the (no doubt expensive, and time-consuming) litigation here, the Court finds that the best exercise of its

---

[3] Defendants' position is as follows: "If the Asserted Patents are invalid, then there is nothing to license. And if Defendants' sale of the Accused Products do not infringe bioMérieux's rights in the Asserted Patents, then there is no need for a license." (D.I. 92 at 6)

6

discretion in the present circumstances is *not* to stay arbitration. If arbitration is going to be part of how these parties resolve their disputes, they will need to get that process started imminently.[4]

March 31, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[4] Trial is scheduled for March 2020. It seems at least possible that, if a motion to compel arbitration is filed, the arbitration might conclude in advance of that date – and, were it to find that Defendants' license defense has merit, such a conclusion might prompt or even mandate a more efficient resolution of this litigation.